THE STATE EX REL. AMERICAN CAR & FOUNDRY COMPANY v. CHARLES U. DAUES ET AL., Judges of St. Louis Court of Appeals.

Division One, November 15, 1926.

1. **PLEADING: In Court of Justice of Peace: Specific Negligence.** Strict formalities of pleadings are not required in courts of justices of the peace; but if plaintiff elects to plead specific negligence instead of general negligence he is bound thereby, and must establish the specified negligence or he cannot recover at all.

2. **PLEADING: Specific Negligence: Recovery for General Negligence.** If plaintiff does not content himself with pleading general negligence, but chooses to go further and specify the different acts of negligences, he must show a causal connection between such specified acts and his injury. If he does not content himself with charging the defendant with negligence in failing to furnish him a safe place in which to work, but goes further and charges that "in and about the premises of defendant were left lying on the ground other rails· and iron and steel" and that "defendant's foreman was guilty of negligence in directing plaintiff and other employees who were carrying the rail to drop or throw said rail upon and against another rail, when he knew, or by the exercise of ordinary care should have known, that it was likely to rebound and strike and injure plaintiff," and his evidence fails to sustain any one of said acts of specific negligence, a verdict in his favor cannot be permitted to stand on the ground that the evidence sustains the general charge that defendant failed to furnish him a safe place in which to work; and the Court of Appeals, after determining that the evidence failed to sustain the acts of specific negligence alleged, contravened the decision of this court in Lyman v. Dale, 262 Mo. 353, in holding that the verdict could stand upon the general negligence charged.

Corpus Juris-Cyc. References: **Courts,** 15 C. J., Section 511, p. 1079, n. 42. **Justices of the Peace,** 35 C. J., Section 226, p. 612, n. 98; Section 245, p. 633, n. 22; Section 248 p. 635, n. 49.

*Certiorari.*

OPINION QUASHED.

*Watts & Gentry* and *Arnot L. Sheppard* for relator; *G. A. Orth* of counsel.

(1)  Plaintiff's petition pleads that relator "failed to furnish this plaintiff with a reasonable and safe place to work in, to-wit, that in and about the premises of this defendant were left lying on the ground other rails and iron and steel." This is a plea of specific negligence. Respondents' holding to the contrary is in direct conflict with the decisions of this court in Lyman v. Dale, 262 Mo. 353, and Rice v. White, 239 S. W. 141. (2)  Plaintiff's petition did not plead that relator was negligent in failing to furnish him sufficient working space. For this reason he could not recover on that theory, although the case originated in a justice of the peace court. Respondents' opinion, therefore, permitting a recovery on that ground is directly in conflict with this court's opinion in the case of Lyman v. Dale, 262 Mo. 353. (3)  Plaintiff could not recover on the ground of negligence, mentioned in Point 1, for the reason that he failed to plead or prove any causal connection between that and his injury, but pleaded, or attempted to plead, a causal connection only between the foreman's order to drop the rail and his injury. Therefore, respondents' opinion permitting a recovery under the safe-place rule is squarely in conflict with the following decisions of this court in

Young v. Shickle H. & H. Iron Co., 103 Mo. 324; Mathiason v. Mayer, 90 Mo. 585; Lyman v. Dale, 262 Mo. 353.

*Moldafsky & Tennenbaum* for respondents.

(1)  The appellant has lost sight of the fact that this suit was begun before a justice of the peace, and, therefore, the technical rules of pleading do not apply here.  Sec. 3735, R. S. 1919; Dalton v. United Rys. Co., 134 Mo. App. 392; Viviano v. Davis, 258 S. W. (Mo. App.) 69.  (2)  The statement or petition in this cause was attacked for the first time after verdict and appeal, and the statement will be regarded as sufficient.  Schwartz v. National Acc. Soc., 267 S. W. 90; Steinbruegge v. Prudential Ins. Co., 196 Mo. App. 194; Reeves v. Stratton, 232 S. W. 1062.  (3)  There is no evidence nor does the record show that plaintiff elected to plead in strictness and therefore the case of Lyman v. Dale, 262 Mo. 353, does not apply. (4)  The lack of an essential averment in the petition was supplied by proof offered by the plaintiff and admitted without objection theretofore; the defect in the petition was unavailable to defendant on appeal.  State ex rel. Smith v. Trimble, 285 S. W. 732; Sec. 1550, R. S. 1919.  (5)  The Supreme Court or Courts of Appeals shall not reverse the judgment of any court unless it shall believe that error was committed by such court against the appellant or plaintiff in error and materially affecting the merits of the action.  Sec. 1513, R. S. 1919.

ATWOOD, J.—In compliance with our writ of *certiorari* directed to the judges of the St. Louis Court of Appeals there is before us the record in the case of Russell Harrison, plaintiff, v. American Car & Foundry Company, defendant.  The facts are thus stated in respondents' opinion handed down in this case on February 2, 1926:

"It appears that while plaintiff and three other persons were working under the direction of defendant's foreman, Frank Reid, in unloading billets from a car, the defendant's foreman directed them to drop a steel rail while they were in a space about four and one-half feet wide and about twenty-five feet long.  It appears that there was not sufficient room between these two piles of billets, where these laborers had started to erect another pile, to lay them down, and they were directed by the foreman to drop this rail because of the insufficient room to lay it down.  The rail which the four men were carrying was about twenty feet long and weighed about seven hundred pounds.  The men were carrying this rail between the two piles of billets in order to make preparations for assembling another pile of billets.  The south end of the rail, where two of the laborers were, was out in the driveway, and these two laborers had plenty

of room to perform their work, but plaintiff and his co-laborer on the north end of the rail did not have the room that the other two had. Plaintiff's co-laborer changed from the opposite side to the same side where plaintiff was, and was then told by defendant's foreman to drop the rail. The rail struck another rail lying there, bounded and caught plaintiff's foot. Plaintiff testified: 'When the rail hit my foot my foot turned upside down and my foot busted.' Plaintiff said there was not enough room to get out of the way.''

The case originated before a justice of the peace in the city of St. Louis, and as to the pleadings there filed the opinion reads:

''The petition alleges that plaintiff was injured on the 13th day of August, 1920, while carrying a steel rail and while in the act of throwing the said rail on the ground, the rail when thrown striking another rail, which caused the rail which was thrown to the ground to bound and strike plaintiff's foot. The negligence alleged is that defendant 'failed to furnish this plaintiff with a reasonable and safe place to work in, to-wit, that in and about the premises of this defendant were left lying on the ground other rails and iron and steel.' Plaintiff also alleges that defendant's foreman was guilty of negligence in directing the plaintiff and other employees who were carrying the rail to drop or throw the said rail upon and against another rail, when he knew, or by the exercise of ordinary care could have known, that it was likely to rebound and strike and injure the plaintiff.''

From the foregoing it clearly appears that plaintiff did not content himself with an effort, if such it was, to charge defendant with negligence in failing to furnish plaintiff a reasonably safe place in which to work. He chose to go further and specifically stated the acts of negligence upon which he relied as follows (italics ours), *"that in and about the premises of this defendant were left lying on the ground other rails and iron and steel,"* and "that defendant's foreman was guilty of negligence in directing the plaintiff and other employees who were carrying the rail to *drop or throw the said rail upon and against another rail,* when he knew, or by the exercise of ordinary care could have known, that it was likely to rebound and strike and injure the plaintiff.'' Such pleading constituted a specification of particular acts of negligence. [Lyman v. Dale, 262 Mo. l. c. 358; Rice v. White, 239 S. W. 141, l. c. 144, and cases cited.] Having elected to state specifically his grounds of negligence in the justice court plaintiff was bound thereby. We so held in Lyman v. Dale, supra, and thus stated the doctrine: ''It is true that in justices' courts the same strict formalities of pleadings are not required as in the circuit court, but it is further true that, if the plaintiff elects to plead in strictness in such court, he is bound by his pleadings there as he would be elsewhere. By this we mean, if he is suing in tort,

and specifically states the negligence upon which he relies to recover, he must recover for that negligence and none other.''

It further appears from the opinion that respondents not only hold that in plaintiff's petition ''there is no specific averment of negligence,'' but that ''the petition charges defendant with failing to furnish plaintiff a reasonably safe place to work, and also negligent order on the part of defendant's foreman;'' that (italics ours) ''the evidence discloses plaintiff was ordered and directed to do this work in a place too narrow to perform the work in a safe way; that *the foreman directed plaintiff and the other employees to drop the rail,* and in obedience to this direction plaintiff and the other employees did drop the same and plaintiff sustained his injury,'' and that (italics ours) *''the foreman ordered him to drop the rail* and he dropped it upon another which was lying there.'' The opinion thus finds no evidence supporting either ground of negligence specifically pleaded, and shows no causal connection under the pleadings between the command actually given and the injury received. It sets up a general ground of negligence which plaintiff, having chosen to plead specially, did not plead, and upon which he was evidently unwilling to rely, to-wit, defendant's failure to furnish plaintiff a reasonably safe place in which to work, found that the evidence supported this substituted pleading and thereupon held defendant liable. These rulings manifestly bring the opinion in conflict with the doctrine above quoted and clearly stated in a controlling decision of this court, namely Lyman v. Dale, supra.

For the reasons above stated it is ordered that the opinion and judgment under review and that portion of the record containing the same be quashed. All concur, except *Graves, J.,* absent.